CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 26 2012

JULIA C. DUDLEY, CLERK
BY: /s/ 
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07CR00025 |
| | ) | |
| vs. | ) | |
| | ) | |
| PERCIVAL NORMAN FENTON, | ) | |
| Defendant. | ) | |
| | | |
| PERCIVAL NORMAN FENTON, | ) | CASE NO. 7:12CV00106 |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Percival Norman Fenton has filed a <u>pro se</u> letter that the court construes as a motion asking the court to review and correct the order of restitution entered against him in accordance with his plea agreement. The court concludes that Fenton's motion to reconsider the order of restitution must be denied.

The criminal judgment, including the restitution order directing that Fenton pay $400,000 in restitution to the victims of his crimes, was entered on September 13, 2007. Fenton did not appeal the judgment. Fenton now states that in 2011, after the court had denied his initial motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, he discovered certain errors in the government's method of calculating the amount of loss each victim suffered and in determining the amount of restitution Fenton was required to pay. Fenton asserts that his trial

counsel gave him bad advice about accepting the plea agreement, including the restitution order, and that the court should now review the order of restitution under 18 U.S.C. §§ 3651, 3664, and 3742(2), and correct the errors.

A sentence that imposes an order of restitution is a final judgment. See 18 U.S.C. § 3664(o). The statutory provisions that Fenton cites address the procedures for such matters as preparing and adjusting an order of restitution before sentencing, for changing the schedule for payment of the restitution, or for challenging such an order on direct appeal to the Court of Appeals.[1] None of the cited provisions authorizes the district court to revisit or revise the judgment or the order of restitution so many years after imposition. Therefore, to the extent that Fenton seeks direct review by this court of the order of restitution, his motion for reconsideration is denied.[2]

Some of Fenton's current allegations might give rise to claims normally actionable in a § 2255 motion, such as claims of ineffective assistance of counsel regarding the guilty plea or sentencing matters. Because Fenton has already filed a § 2255 motion, however, he must apply for certification from the United States Court of Appeals for the Fourth Circuit before filing a second or successive § 2255 motion. See § 2255(h). Fenton does not present any such certification with his current submission. Therefore, the court will not construe this submission as a § 2255 motion.

---

[1] The court notes that one section Fenton cites, 18 U.S.C. § 3651, was repealed in 1984.

[2] On the other hand, the court retains continuing jurisdiction to modify a restitution order based on changed circumstances of the defendant. United States v. McMahon, 225 F.3d 656, 2000 WL 1039473, at *3 (4th Cir. 2000)(per curiam)(unpublished table decision). Thus, if a defendant experiences changed financial circumstances, petitioner may seek modification as to the amount of his monthly payments, but not some reduction in the total amount of the restitution owed. 18 U.S.C. § 3664(k); see also McMahon, 2000 WL 1039473, at *3. (cite). Since Fenton's motion seeks a reduction or recalculation of the amount of the restitution, the motion is untimely and must be denied. 18 U.S.C. § 3664(o)(1).

Fenton presented similar legal claims in his recent petition for a writ of coram nobis, which the court denied by opinion and order entered April 30, 2012. The court also construed and denied that petition as a successive § 2255 motion. Other than coram nobis and § 2255, the court is not aware of any mechanism by which Fenton may seek judicial correction of the judgment or the restitution order at this time, based on his allegations of substantive legal errors in crafting the order of restitution. Therefore, the court construes Fenton's current motion as seeking reconsideration of the April 30, 2012 dismissal order. Because Fenton fails to demonstrate any ground on which the court's ruling on April 30 should be altered or amended, however, his motion must be denied. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Percival Norman Fenton and to counsel of record for the United States.

ENTER: This 26th day of June, 2012.

*/s/ Glen Conrad*
Chief United States District Judge